# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 24-1606V
Filed: October 1, 2025

* * * * * * * * * * * * * *
MARGARITA ZAMORA LUJANO, \
*on behalf of her minor child, E.M.*, \
          Petitioner, \
v. \
SECRETARY OF HEALTH \
AND HUMAN SERVICES, \
          Respondent. \
* * * * * * * * * * * * * *

*Ramon Rodriguez, III, Esq.*, Siri & Glimstad LLP, Richmond, VA, for petitioner. \
*James V. Lopez, Esq.*, United States Dept. of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 8, 2024, Margarita Zamora Lujano ("Ms. Lujano" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that her minor child, E.M., had an adverse reaction resulting in his death to the influenza ("flu") and Gardasil vaccinations he received on April 21, 2023. *See* Petition, ECF No. 1.

On January 5, 2025, petitioner filed the instant Motion for Interim Attorney's Fees and Costs requesting a total of $13,611.79, representing $13,136.00 in attorneys' fees and $475.79 in costs. Motion, ECF No. 10. Respondent filed his response on January 10, 2025, objecting to an award of interim fees. Response, ECF No. 11. Petitioner filed a reply on January 10, 2025. Reply, ECF No. 13.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

After careful consideration, petitioner's Motion for Interim Attorneys' Fees and Costs is **DENIED** for the reasons set forth below.

### I.  Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

"Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

Reasonable basis, however, is an objective inquiry, irrespective of counsel's conduct or a looming statute of limitations, that evaluates the sufficiency of records available at the time a claim is filed. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017); *see Turpin v. Sec'y of Health & Human Servs.*, No. 99-564, 2005 WL 1026714 at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005). When determining if a reasonable basis exists, special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). The Federal Circuit concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons*, 875 F.3d at 636; *Amankwaa*, 138 Fed. Cl. at 289.

Reasonable basis is satisfied when there is a mere scintilla of objective evidence, such as medical records or medical opinions, supporting a feasible claim before filing. *See Cottingham ex. rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020); s*ee Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). The Fourth Circuit characterized "more than a mere scintilla of evidence" as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Cottingham v. Sec'y of Health & Human Servs.,* 154 Fed. Cl. 790, 795 (2021) (quoting *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021)).

In discussing the reasonable basis requirement in *Cottingham*, the Federal Circuit stressed the prima facie petition requirements of § 11(c)(1) of the Act. Specifically, the petition must be accompanied by an affidavit and supporting documentation showing that the vaccinee:

(1) received a vaccine listed on the Vaccine Injury Table;
(2) received the vaccination in the United States, or under certain stated circumstances outside of the United States;
(3) sustained (or had significantly aggravated) an injury set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine;
(4) experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and
(5) has not previously collected an award or settlement of a civil action for damages for the same injury.

*Cottingham*, 971 F.3d at 1345-46.

Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." § 300aa-13(a)(1). However, absence of an express medical opinion of causation is not necessarily dispositive of whether a claim has a reasonable basis. Medical records may support causation even where the records provide only circumstantial evidence of causation. *James-Cornelius*, 984 F.3d at 1379-80. While absent or incomplete records do not strictly prohibit a finding of reasonable basis, an overwhelming lack of objective evidence will not support reasonable basis. *Chuisano*, 116 Fed. Cl. at 288; *see Simmons,* 875 F.3d at 634-36 (holding that reasonable basis was not satisfied where 1) petitioner's medical record lacked proof of vaccination and diagnosis and 2) petitioner disappeared for two years before filing a claim). The objective evidence in the record must also not be so contrary that a feasible claim is not possible. *Cottingham*, 154 Fed. Cl. at 795, citing *Randall v. Sec'y of Health & Human Servs.,* No. 18-448V, 2020 WL 7491210, at *12 (Fed. Cl. Spec. Mstr. Nov. 24, 2020) (finding no reasonable basis when petitioner alleged a SIRVA injury in his left arm though the medical records indicated that the vaccine was administered in petitioner's right arm). A claim may lose reasonable basis as it progresses if further evidence is unsupportive of petitioner's claim. *See R.K. v. Sec'y of Health & Human Servs.,* 760 F. App'x 1010, 1012 (Fed. Cir. 2019) (citing *Perreira v. Sec'y of Health & Human Servs.,* 33 F.3d 1375, 1376–77 (Fed. Cir. 1994)).

When good faith and reasonable basis are established, the Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

3

Special masters also have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

## II.   Discussion

Respondent argued that he is not satisfied that petitioner has established a reasonable basis for her claim. Response at 8. He argued that the "records are clear in this sad but straightforward case: E.M.'s death was caused by complications from his congenital heart condition." He submitted that petitioner has not provided a statement or report from a qualified medical expert to support that either the flu or Gardasil vaccination played any role in E.M.'s death. *Id*. at 8-9. Rather, petitioner had only filed a VAERS report, which can only establish a temporal association and is not used to determine causation. *Id*. at 9. He acknowledged that petitioner alleged that literature linking the Gardasil vaccine to acute cardiovascular events exists but stated that petitioner had yet to file such literature into the record[3], much less demonstrated how the literature applies to this case. *Id*. Finally, respondent argued "[i]t was unreasonable for petitioner to file a claim that lacked any support in the contemporaneous records and with no reputable medical opinion to support a claim for vaccine-causation. At bottom, there is nothing besides a literal temporal association to implicate vaccines in an injury to E.M. or in his death, which is patently insufficient to meet the reasonable basis standard." *Id*.

This decision does not address petitioner's claim as it relates to causation, only whether there is sufficient objective evidence to satisfy the reasonable basis standard for an award of interim fees.[4]

The records show that E.M. had a significant prior medical history, including Dandy-Walker Syndrome, aorta coarctation, heart murmur, and a full surgical repair of coarctation of the aorta. Pet. Ex. 3 at 3, 9; Pet. Ex. 4 at 20; Pet. Ex. 5 at 13, 42. Roughly one month prior to vaccination, E.M. saw his cardiologist for the first time in six years and underwent an echocardiogram. The echocardiogram showed "a moderate sized aneurysm near the site of surgical repair". Pet. Ex. 3 at 10; Pet. Ex. 4 at 20-23. It was also noted that he had a chest CT angiography scheduled for May 30, 2023 but that it was discussed with petitioner that this "evaluation should be expedited . . . should he have symptoms of severe chest or abdominal pain." Pet. Ex. 4 at 23.

---

[3] Petitioner filed the literature shortly after respondent filed his Response. *See* Pet. Ex. 10-11.
[4] Good faith was not raised by respondent. Thus, petitioner is afforded the presumption of good faith in the filing of her petition.

On April 21, 2023, at age fourteen, E.M. received the flu and Gardasil vaccinations during his annual physical. He also complained of abdominal pain and diarrhea for the past three days. Pet. Ex. 5 at 2-9.

Petitioner recounted in her affidavit that E.M. was lethargic the day after receiving the vaccinations. Pet. Ex. 1. According to her, the evening after vaccination, E.M. woke up hyperventilating and collapsed shortly thereafter. *Id*. The ambulance report, however, indicates that E.M. and his family were at the supermarket when he began to complain of abdominal pain. He collapsed while walking back to the car. Pet. Ex. 7 at 3-5. Fire paramedics were first on the scene and administered CPR for 25 minutes prior to EMS' arrival. EMS performed additional resuscitative measures during transit to the hospital. *Id*. He was unresponsive at the time of arrival to the hospital, and tragically, E.M. was pronounced dead shortly thereafter. Pet. Ex. 6 at 7-11.

An amendment to the death certificate noted the cause of death as "probable cardiac arrythmia due to bicuspid aortic valve with cardiac hypertrophy" with the manner of death listed as "natural". Pet. Ex. 9 at 2. The surgical coarctation repair was noted as an "other significant condition[] contributing to death but not resulting in the underlying cause [of death]". *Id*.

The autopsy report noted that an RN at the hospital indicated E.M. was at home when his family witnessed "his sudden onset of difficulty breathing and collapse." Pet. Ex. 12 at 2. The coroner spoke with the family, who reported that E.M. received flu and HPV vaccines the day prior to his death and complained of diarrhea, cold symptoms, and stomach pain after the visit. Petitioner clarified that E.M. had stomach complaints before the visit but they worsened after. *Id*. There was no inflammation or inflammatory response noted on the autopsy report. *Id*. at 9-10.

While the burden in establishing a reasonable basis for attorneys' fees is lower than the preponderant evidence standard required to prove entitlement to compensation, it still requires some objective evidence beyond speculation that allows for a reasonable inference of causation. *Cottingham*, 971 F.3d 1345-46; *Cottingham*, 154 Fed. Cl. 795 (quoting *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021)). The Federal Circuit instructed that affidavits or sworn statements may provide objective evidence to support reasonable basis. *James-Cornelius*, 984 F.3d at 1379-80. In applying the legal standard to this case, however, I find that petitioner has not yet established reasonable basis.

At the time petitioner filed the instant motion, petitioner had filed medical records, a VAERS report, and an affidavit. *See* ECF Nos. 6-8. After respondent filed his Response, petitioner filed two medical articles, one being a case report of cardiac arrest following HPV vaccine and the other discussing inflammatory responses in men with carotid artery disease after influenza vaccine. Pet. Ex. 10-11. She has since filed the autopsy report and probate documents. Pet. Ex. 12-14.

The records filed to date as a whole are insufficient to support a reasonable inference that either vaccine received by E.M. played a role in his death. Temporal relationship alone is not sufficient. E.M. had a significant history of cardiac complications, which required surgical intervention years prior to receiving the subject vaccinations. Shortly before vaccination, E.M. followed up with his cardiologist for the first time in several years and a moderate sized aneurysm

5

was seen on echocardiogram. The family was told to take E.M. to the emergency room if he complained of abdominal pain. Pet. Ex. 4 at 23. On the day he received the subject vaccinations, E.M. reported a three-day history of abdominal pain. Pet. Ex. 5 at 2-9. The next day, E.M. complained of abdominal pain while at the supermarket prior to collapsing, according to the ambulance report. Pet. Ex. 7 at 3-5. The family requested an autopsy, which concluded that the cause of death was related to cardiac complications he had since birth. Pet. Ex. 12 at 2. The death certificate was amended to reflect the autopsy findings and noted the manner of death to be natural. Pet. Ex. 9 at 2.

The only evidence filed thus far that associates the vaccines E.M. received to his death is petitioner's affidavit and a VAERS report. Pet. Ex. 1; Pet. Ex. 8. While the Federal Circuit held that affidavits should be considered in a reasonable basis analysis, the affidavit here is inconsistent with the contemporaneous medical records, specifically the ambulance report, and, most notably, disregards E.M.'s significant medical history which the coroner noted was the cause of his death. *Id.*; *James-Cornelius*, 984 F.3d at 1379-80. Petitioner similarly disregards E.M.'s medical history in her Reply, stating without any support that "NONE of these conditions would have directly caused E.M.'s death on April 22, 2023". Reply at 2. In light of the medical records, I do not find petitioner's affidavit to be sufficient to establish reasonable basis. Additionally, the VAERS report specifically includes that it did not mean the vaccine caused or contributed to the adverse event. Pet. Ex. 8. VAERS reports are routinely filed in vaccine cases and are just as routinely afforded little weight in proving causation. *Analla v. Sec'y of Health & Human Servs*. 70 Fed. Cl. 552, 558 (2006) (describing cases). Accordingly, it is insufficient to support a reasonable inference of causation.

The literature petitioner filed is similarly insufficient to meet the reasonable basis threshold. The case report filed studied a healthy woman with "no significant past medical history" who developed "new-onset cardiac abnormalities" after receiving an HPV vaccine. Pet. Ex. 10 at 1. It is not clear how this case report applies to the case here, as all the medical records clearly establish that E.M. had a significant medical history, which specifically included cardiac abnormalities, prior to receiving the subject vaccinations. The other article filed studied the change in inflammatory markers in men with severe carotid artery disease. Pet. Ex. 11 at 1. It is also unclear how this study applies to E.M., as it discusses individuals with potential predisposition to vascular disease versus E.M. who was born with cardiovascular structural abnormalities. Additionally, the autopsy report noted no inflammation or inflammatory processes. *See generally* Pet. Ex. 12.

Finding that petitioner has not yet satisfied reasonable basis, she is not yet eligible for an award of interim fees. This finding, as respondent acknowledged in his Response, does not preclude the possibility that petitioner could provide additional evidence that would establish a reasonable basis as the case progresses. Response at 9, note 7. But at this time, an award of fees is premature. Accordingly, petitioner's Motion is **DENIED**.[5]

---

[5] Should petitioner proceed with her claim, she may later file another Motion for Attorneys' Fees and Costs that includes the fees and costs requested in the instant Motion.

### III.  Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **DENIED.** The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
